# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO RODRIGUEZ,<br><br>                      Petitioner,<br>  vs.<br><br>B.M. CASH, Warden,<br><br>                      Respondent. | CASE NO. 11cv1216-IEG(WVG)<br><br>Order Adopting Report and Recommendation; Denying Petition for Writ of Habeas Corpus |

      Petitioner Sergio Rodriguez, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his San Diego County Superior Court conviction for first degree murder and gun use.  On December 12, 2011, Magistrate Judge William Gallo filed a report and recommendation, recommending that the Court deny the petition.  Petitioner timely filed objections.

      The Court reviews *de novo* those portion of the report and recommendation to which Petitioner objected.  28 U.S.C. § 636(b)(1) ("a judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (clarifying scope of district judge's review of magistrate judge's findings and recommendations).  Upon review, for the reasons explained below, the Court adopts in full Magistrate Judge Gallo's report and recommendation, and DENIES the petition.

### *Background*

      The factual and procedural history of this case is fully and accurately set forth in the report

1  and recommendation.  The petition raises one ground for relief – that the prosecutor violated
2  Petitioner's Fifth and Fourteenth Amendment rights by improperly remarking upon Petitioner's
3  failure to testify in violation of <u>Griffin v. California</u>, 380 U.S. 609 (1965).  The California Court of
4  Appeal rejected Petitioner's argument, finding the prosecutor's comments "viewed in context ...
5  can only be seen as a fair comment on the state of the evidence, comment[s] falling outside the
6  purview of <u>Griffin</u>." [Lodgment No. 6, at 7, 10.]  Magistrate Judge Gallo agreed, finding the state
7  court's decision was neither contrary to nor an unreasonable application of clearly established
8  Federal law. [Doc. No. 19, p. 12.]

### ***Legal Standard***

10  Implicit within the Fifth Amendment's right against self-incrimination is the notion that a
11  prosecutor may not comment during trial upon the defendant's decision to remain silent.  <u>Griffin v.
12  California</u>, 380 U.S. 609, 614 (1965).  "[T]he Fifth Amendment, in its direct application to the
13  Federal Government and in its bearing on the States by reason of the Fourteenth Amendment,
14  forbids either comment by the prosecution on the accused's silence or instructions by the court that
15  such silence is evidence of guilt."  <u>Id</u>. at 615.  Nonetheless, a prosecutor's comments require
16  reversal only "where such comment is extensive, where an inference of guilt from silence is
17  stressed to the jury as a basis for the conviction, and where there is evidence that could have
18  supported acquittal."  <u>Beardslee v. Woodford</u>, 358 F.3d 560, 587 (9th Cir. 2004)(quoting <u>Lincoln v.
19  Sunn</u>, 807 F.2d 805, 809 (9th Cir. 1987)).  A prosecutor may permissibly call attention to the
20  defendant's failure to present exculpatory evidence so long as those comments "do not call
21  attention to the defendant's failure to testify and are not of such a character that the jury would
22  naturally and necessarily take them to be a comment on the failure to testify."  <u>United States v.
23  Lopez</u>, 803 F.2d 969, 973 (9th Cir. 1986).

24  Here, the prosecutor during his rebuttal comments in closing drew attention to the lack of
25  evidence regarding why Petitioner's Padres jersey, which he wore often including allegedly on the
26  night of the shooting, was in hidden in a box underneath a newspaper in the garage.

27  Search of his residence. A hidden jersey. What is that a hidden jersey? Why didn't
28  he tell us why Sergio Rodriguez hid that jersey? Why didn't we hear about that?

1       Why is that jersey hidden in the garage in a box underneath newspaper?

2 [Lodgment No. 2, Vol. 3, p. 683.] Petitioner's counsel objected based on Griffin, and the court

3 overruled such objection. The prosecutor then continued:

4       Ladies and gentlemen, I'm talking about, why didn't counsel explain to us – he

5       explained to us that that jersey was in the garage, something about it not having

6       blood on it, and he didn't tell us why it was in the garage. ...

7 [Id.] Taken in context, the prosecutor was commenting on defense counsel's failure to present

8 exculpatory evidence regarding why the jersey was hidden in the garage. The prosecutor did not

9 explicitly or implicitly comment on defendant's failure to testify, but merely called attention to the

10 defense failure to present evidence regarding the jersey. Magistrate Judge Gallo correctly

11 concluded the prosecutor's comments did not violate clearly established Federal law.

### *Conclusion*

13     For the reasons explained herein, the Court ADOPTS Magistrate Judge Gallo's report and

14 recommendation in full and DENIES the petition for writ of habeas corpus.

15     **IT IS SO ORDERED**.

16 **DATED: February 15, 2012**

17                              *[signature]*
                            **IRMA E. GONZALEZ, Chief Judge**

18                             **United States District Court**